```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

                                                    02 APR 29 AM 11:25

                                                    N.D. OF ALABAMA

GERALD CAGLE,                    }
                                 }
    Plaintiff,                   }
                                 }    CIVIL ACTION NO.
v.                               }
                                 }    01-AR-2635-S
SOUTHERN STATES EXPRESS,         }
INC.,                            }
                                 }
    Defendant.                   }

ENTERED
APR 29 2002

## MEMORANDUM OPINION

This court has before it the "Motion for Summary Judgment on Damages" filed by plaintiff, Gerald Cagle ("Cagle"), on April 8, 2002.

After default was entered by the Clerk against defendant, Southern States Express, Inc. ("Southern States"), the court set this case for jury trial on the issue of damages, whereupon Cagle filed a motion to strike his jury demand. The court denied that motion because it lacks the power to abrogate the Seventh Amendment. Instead of appearing at the appointed date and hour for the purpose of striking a jury and proving his damages, Cagle filed his present Rule 56 motion seeking a final judgment against Southern States in the amount of $50,000.00. Cagle supports his Rule 56 motion with an affidavit that itemizes his out-of-pocket losses in the forms of the lost wages and the reimbursable insurance premiums occasioned by Southern States' complained-of conduct, as to which liability has already been established.



Cagle's **opinion** that has suffered $48,021.00 in mental anguish gives the court pause. In fact it stops this court in its tracks. The figures itemized by Cagle do not add up to his total request and judgment of $50,000.00; but this court is not worried about small mistakes in arithmetic. It is worried to death about a plaintiff's right to obtain a final summary judgment that includes an amount to compensate him for alleged mental distress, based simply on a self-serving affidavit that says:

> "I was concerned that I might lose my house which is paid for. I worried about this quite a bit from August until the Blue Cross policy was finally put into place in November of 2001. I am requesting that the court award me a judgment in the amount of $48,021. I believe this would be fair compensation for the mental anguish and worry that I went through from August of 2001 until November of 2001".

Southern States has not responded to Cagle's motion for summary judgment. It apparently is just as much of a dead-beat today as it was when it allowed the entry of default. However, that does not relieve that Cagle of the burden of quantifying his damages in the usual and customary way. It is he who demanded trial by jury. A jury is the fact-finder designed by the Seventh Amendment to quantify mercurial items of damage such as mental anguish. No trier-of-fact has ever laid eyes on Cagle, much less heard evidence upon which an item so intangible can be rationally quantified. In fact, the original complaint nowhere mentions plaintiff's alleged mental anguish. This may be explained by the fact that some of the counts of the complaint rely upon theories

that, if proven, would not even entitle plaintiff to recover damages for distress.

In any event, this court cannot play "jury". It can neither agree nor disagree with Cagle's assessment of his degree of distress. In today's world, a jury may have given Cagle a million dollars, or it may have given him nothing. Therefore, as to Cagle's claim for $48,021.00 in mental anguish or any lesser sum this court cannot make the requisite finding under Rule 56 for a grant of summary judgment. There clearly remains a dispute of material fact on this claim, except that plaintiff has chosen not to try to prove it and thus has abandoned it. The court can make, and does make, a finding with respect to Cagle's claim for his out-of-pocket losses that there is no dispute of material fact and that plaintiff is entitled to judgment as a matter of law.

An appropriate separate final judgment will be entered.

DONE this 29th day of April, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE